IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-20365
Summary Calendar
_____

JOE EARL THOMAS-EL,

Plaintiff-Appellant,

versus

ROBERT S. LOSACK, LIEUTENANT,
MELISSIA CARTER, LVN,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-97-CV-1843
- - - - - - - - - -

April 20, 1999

Before DAVIS, DUHÉ, and PARKER, Circuit Judges.

PER CURIAM:[1]

Joe Earl Thomas-El's motion to expand the record on appeal is DENIED as unnecessary.

Joe Earl Thomas-El appeals the district court's dismissal of his 42 U.S.C. § 1983 claim that he was unfairly disciplined for refusing to shave. Thomas-El's claim that he had a valid clipper shave pass and should not have been asked to shave is essentially a challenge to the sufficiency of the evidence at the disciplinary hearing. "Federal courts will not review the sufficiency of the

_____

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

evidence at a disciplinary hearing; a finding of guilt requires only the support of 'some facts' or 'any evidence at all.'"  Gibbs v. King, 779 F.2d 1040, 1044 (5th Cir. 1986) (citation omitted). Prison disciplinary proceedings will be overturned "only where there is no evidence whatsoever to support the decision of the prison officials."  Reeves v. Pettcox, 19 F.3d 1060, 1062 (5th Cir. 1994).

The testimony at the Spears[2] hearing provides sufficient support for the finding of guilt at the disciplinary hearing.  The prison warden testified that the disciplinary forms on Thomas-El indicated "[i]nmate did have a valid clipper shave pass but refused to shave his mustache."  The warden testified that the clipper shave pass apparently did not encompass the facial hair above the lip.  It was for the beard only, and Thomas-El was ordered to shave his mustache and refused to do so.

The district court did not abuse its discretion in dismissing Thomas-El's § 1983 claim as frivolous.  See Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997).  Thomas-El's appeal is likewise frivolous and is therefore DISMISSED.  See Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983); 5TH CIR. R. 42.2.  We warn Thomas-El that any additional frivolous appeals filed by him or on his behalf will invite the imposition of sanctions.  To avoid sanctions, Thomas-El is cautioned to review any pending appeals to ensure that they do not raise arguments that are frivolous.

APPEAL DISMISSED; SANCTIONS WARNING ISSUED.

---

[2] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).